IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

TERRI FISHER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. § 1446, hereby removes the above-referenced action from the District Court, Douglas County, Colorado, based on the following:

1.  The above action was filed in the District Court, Douglas County, Colorado, and is now pending before that Court. A copy of the Complaint is attached as Exhibit A. A copy of the Civil Case Cover Sheet is attached as Exhibit B. A copy of the Summons is attached as Exhibit C. A copy of the Delay Reduction Order is attached as Exhibit D. Finally, a copy of the Affidavit of Service is attached as Exhibit E. No other filings have occurred in the state court case.

2.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a civil action between parties of diverse citizenship, involving an amount alleged to be in controversy exceeding $75,000.00, exclusive of interest and costs.

3.  Plaintiff is currently a citizen of the State of Hawaii, but was a citizen of the State

of Colorado at the time of this incident.  *See* Ex. A, ¶ 1 and "Plaintiff's Address."  The State of Colorado Traffic Accident Report which is the subject of the Action and dated December 23, 2019 lists Plaintiff's address as 10165 Highland Meadow LP, Parker, CO 80134.  *See* Exhibit F, Traffic Accident Report.  The Traffic Accident Report also lists Plaintiff as having a Colorado drivers license and vehicle registration.  The State Farm Declarations Page for Plaintiff's auto policy effective March 29, 2019 through October 18, 2019 also lists Plaintiff's address as 10165 Highland Meadow Loop, Parker, CO 80134.  *See* Exhibit G.  The fact that Plaintiff resided in the State of Colorado since at least March 2019 and now resides in the State of Hawaii shows that there is no intent to obtain citizenship in the State of Illinois.

4. State Farm is a citizen of the State of Illinois, as it is an Illinois corporation with its principal place of business in Illinois.  *See* State Farm's listing with the Colorado Secretary of State business search website.¹  There is thus diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c)(1).

5. This action involves an amount alleged to be in controversy exceeding $75,000, exclusive of interest and costs.  The Civil Case Cover Sheet filed in the state court action establishes that the amount in controversy exceeds $75,000.  *See* Ex. B ¶ 2: "This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages…"  *See Paros Properties, LLC v. Colo. Cas. Ins. Co*., 835 F.3d 1264, 1272-73 (10th Cir. 2016) (Colorado state court civil cover sheet indicating amount sought

---

[1] From a search for State Farm Mutual Automobile Insurance Company, at http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&entityId2=19871032828&srchTyp=ENTITY&fileId=19871032828&masterFileId=19871032828.  This Court may take judicial notice of this information pursuant to Fed.R.Evid. 201(b)(2).

is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C. § 1446).

6. Plaintiff's allegations in her Complaint also support an amount in controversy exceeding $75,000. This action arises from a motor vehicle accident involving Plaintiff. Plaintiff claims underinsured motorist benefits of $250,000 in the Complaint. *See* Ex. A, Complaint, ¶¶ 31 and 34. As a result of the accident, Plaintiff alleges she is entitled to uninsured motorist benefits damages of $250,000 (*see* Exhibit A, ¶ 35) as well as damages for bad faith breach of insurance contract and two times the covered benefit plus attorney fees and costs under C.R.S. §10-3-1115 and 10-3-1116 for the UIM benefits under the Policy. *See e.g.,* Ex. A, Complaint, Third Claim for Relief and ¶ 83.

7. Accordingly, State Farm has demonstrated by a preponderance of the evidence that it is entitled to remove this action pursuant to 28 U.S.C. § 1446(a). *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Respectfully submitted,

                        *s/ Katherine K. Kust*
                        Jon F. Sands
                        Katherine K. Kust
                        Sweetbaum Sands Ramming PC
                        1125 Seventeenth Street, Suite 2100
                        Denver, Colorado 80202
                        Phone: (303) 296-3377
                        jsands@sweetbaumsands.com
                        kkust@sweetbaumsands.com

                        ATTORNEYS FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

  I hereby certify that on April 22, 2022, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jill M. Jackson
The Law Office of Jill M. Jackson
650 S. Cherry St., Suite 1225
Denver, CO 80246

                    *s/ Megan MacLennan*